UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA D. SMITH,<br>Plaintiff, | CIVIL NO. 3:-17-cv-02080 (KAD) |
| v. | |
| | January 7, 2019 |
| NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br>Defendant. | |

**MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION TO REVERSE, AND THE DEFENDANT'S MOTION TO AFFIRM, THE COMMISIONER'S DECISION**

**Preliminary Statement**

Plaintiff Barbara D. Smith, proceeding *pro se*, brings this appeal under Section 205(g) of the Social Security Act (hereinafter "the Act"), as amended, 42 U.S.C. § 405(g). She challenges the denial of her application for Title II Disability Insurance Benefits under the Act. Pursuant to the Court's Standing Scheduling Order on Social Security Appeals, the Plaintiff was ordered to file a "Motion for Order Reversing the Commissioner's Decision, or for other relief, and a supporting memorandum" within 60 days of the filing of the Commissioner's Answer. The Commissioner filed its Answer on February 15, 2018. On April 16, 2018, the Plaintiff filed a document titled "Answer." The Commissioner filed its Motion to Affirm on June 14, 2018. On June 29, 2018, the Plaintiff filed a document titled "Plaintiff's Reply Brief." Neither of the Plaintiff's pleadings include legal argument or analysis, but both set forth the Plaintiff's view as to why the Commissioner's decision was wrong. The Court therefore construes these pleadings,

in combination, to be Plaintiff's Motion for Order Reversing the Commissioner's Decision.[1] The Commissioner seeks to affirm the findings as being supported by substantial evidence in the record. For the reasons set forth below, the plaintiff's motion to reverse the Commissioner's decision is DENIED. The defendant's motion to affirm the decision of the Commissioner is GRANTED.

**Standard of Review**

The plaintiff sought a determination that she was disabled as of February 6, 2008, through March 31, 2009, the date last insured. A person is "disabled" under the Act if that person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death of which has lasted or can expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). In addition, a claimant must establish that her "physical or mental impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy …" 42 U.S.C. § 423(d)(2)(A). ). The Commissioner has established a five step sequential analysis to which an ALJ must adhere when evaluating disability claims. *See* 20 C.F.R. 404.1520. In brief, the five steps are as follows: (1) the Commissioner determines whether the claimant is currently engaged in substantial gainful activity; (2) if not,[2] the

---

[1] When construing the pleadings of a pro se plaintiff, the court must construe the pleadings liberally and interpret them as "raising the strongest arguments they suggest." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004).
[2] If the Claimant is engaged in substantial gainful activity, the claimant is not disabled under the Act and no further analysis is required. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b); *Nettles v. Sullivan,* 956 F.2d 820 (8th Cir. 1992).

Commissioner determines whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if such a "severe impairment" is established, the Commissioner next determines whether the medical evidence establishes that the claimant's impairment "meets or equals" an impairment listed in Appendix 1 of the regulations; (4) if the claimant does not establish the "meets or equals" requirement, the Commissioner must then determine the claimant's residual functional capacity (hereinafter "RFC") to perform his or her past work; (5) if the claimant is unable to perform his or her past work, the Commissioner must next determine whether there is other work in the national economy which the claimant can perform. 20 C.F.R. 404.1520(a)(4)(i)-(v). The claimant bears the burden of proof with respect to steps one through four. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). The Commissioner bears the burden as to step five, the existence of work in the national economy which the claimant is capable of performing. *McIntyre v Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). If the Commissioner fails to come forward with sufficient evidence on this issue, the claimant is entitled to disability benefits. *See Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).

It is well-settled that the district court will reverse an ALJ's decision only when it is based upon legal error or when it is not supported by substantial evidence in the record. *See Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive …"). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted). The Court does not inquire as to whether the record might also support the plaintiff's claims, but only

where there is substantial evidence to support the Commissioner's decision. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013). The potential for drawing more than one conclusion from the record does not preclude a finding that the Commissioner's findings are supported by substantial evidence. *See Vance v. Berryhill*, 860 F.3d 1114, 1120 (8th Cir. 2017). Once an ALJ finds facts, the Court can reject those facts "only if a reasonable factfinder would have to conclude otherwise." *Brault v. Social Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).

**The ALJ's Decision**

At step one, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since the amended claimed onset date, February 6, 2008, through March 31, 2009, the date last insured. At step two, the ALJ found that the Plaintiff had several severe impairments, specifically, diabetes mellitus, obesity, hypertension, shortness of breath, borderline cardiomegaly and mild hypertensive heart disease. At step three, the ALJ found that the Plaintiff did not establish an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in the regulations at 20 C.F.R. Part 404, Subpart 4, Appendix 1. At step four, the ALJ determined that the Plaintiff had an RFC to perform a range of light work. The ALJ placed limitations on this determination, however, finding that the plaintiff could stand and walk for four hours; must never climb ladders, ropes or scaffolds, but could occasionally climb ramps or stairs; and, was limited to occasional balancing, stooping, kneeling, crouching and crawling. In light of these findings, the ALJ determined that the Plaintiff was capable of performing past relevant work as a child support officer insofar as this job is generally performed in the national economy at the sedentary level. The ALJ, relying in part on the testimony of a vocational expert, found that the Plaintiff's RFC did not preclude performance of this sedentary level work: "[W]ith the past relevant work a child support officer, as classified in

4

the DOT at sedentary, the claimant would have been able to perform her past work, prior to the date last insured." The ALJ therefore concluded that the Plaintiff was not under a disability during the relevant period, from February 6, 2008, through March 31, 2009, the date last insured.

**Discussion**

At issue in this appeal is the Commissioner's determination at step five of the sequential analysis. The Plaintiff claims the vocational expert inaccurately assessed the job of "Child Support Investigator" as sedentary, asserting that the "expert witness information was all wrong." The Court construes this as an assertion that ALJ's should not have relied upon the expert and/or as an assertion that the ALJ's determination that the Plaintiff could perform past relevant work is not supported by substantial evidence. The Commissioner, in response, avers that the ALJ's findings are well supported by substantial evidence and that it was reasonable for the ALJ to credit and rely upon the vocational expert's testimony.

The plaintiff, in her "Answer," avers that "Child Support Investigator" is "by no means a sedentary job." In support of her contention, the plaintiff relies upon a description of the "Child Support Investigator" job as listed on the website America's Job Exchange. This document was offered by the plaintiff at the administrative hearing and is part of the administrative record. As such, it was available to the ALJ when he issued his decision. In addition, in her "Reply," the Plaintiff argues that, *inter alia*, the jobs of "Child Support Investigator" and "Child Support Officer" are "quite different." In furtherance of this contention, the plaintiff provides a description of "Child Support Officer," as obtained from Eduers.com, ostensibly describing that job as specifically performed in Santa Barbara County, California. This exhibit was *not* contained in the administrative record.

Generally, the Court may not consider additional extrinsic evidence "when reviewing the findings of the Commissioner." *Brown v. Barnhart,* 2003 WL 1888727, at *10 (S.D.N.Y. Apr. 15, 2003) (citations omitted), *aff'd,* 85 Fed.Appx. 249 (2d Cir.2004). In Social Security appeals, the Court must base its review "upon the pleadings and transcript of the record." 42 U.S.C. § 405(g). The Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id*. Thus, remand based on the need to review new evidence requires "(1) a showing that there is new and material evidence and (2) good cause for the failure to incorporate that evidence into the record in a prior proceeding." *Skrodzki v. Comm'r of Soc. Sec.*, No. 11-CV-5173 MKB, 2013 WL 55800, at *4 (E.D.N.Y. Jan. 3, 2013) (internal quotation marks omitted). New evidence is considered material if "(1) it is relevant to the claimant's condition during the time period for which benefits were denied, (2) it is probative, and (3) there is a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Williams v. Comm'r of Soc. Sec.*, 236 Fed. Appx. 641, 644 (2d Cir. 2007) (internal quotation marks omitted).

Although "a claimant's *pro se* status can establish good cause for purposes of remand," *Skrodzki*, 2013 WL 55800, at *5 (citing *Jones v. Sullivan*, 949 F.2d 57, 61 (2d Cir. 1991)), the Plaintiff was represented by counsel throughout the administrative proceedings. Indeed, her counsel cross-examined Scorzelli and submitted exceptions to the Appeals Council regarding the reliability of Scorzelli's testimony as well as Scorzelli's subsequent answers to interrogatories. Therefore, the Court finds Plaintiff has not shown good cause for failing to previously submit this evidence. Further, the Court finds this document does not constitute "new and material

evidence" as defined above. Accordingly, the Court shall neither consider the Eduers.com exhibit nor remand the matter so that the Commissioner can consider the document.

In addressing the plaintiff's claim on appeal, the question for this Court is whether the ALJ's determination, that the plaintiff could do past relevant work as a child support officer as it generally performed in the national economy at the sedentary level, is supported by substantial evidence in the record. For the reasons discussed below, and after a review of the entire record, the Court answers this question in the affirmative. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

As indicated, the Plaintiff challenges the testimony of vocational expert James Scorzelli. Scorzelli testified that the plaintiff's past work as a social services investigator, as actually performed, was most similar to the position of child support officer, as described in the Dictionary of Occupational Titles. Scorzelli testified regarding the existence of jobs in the national economy that the plaintiff could perform at a sedentary level. Specifically, Scorzelli testified that an individual such as the Plaintiff, with the same age, education and work background who is limited to light work, subject to the exceptions listed in the RFC, could perform the jobs of a "child support officer" or "Social Services officer" as defined by the DOT. Scorzelli stated there were 4,512 child support officers and 7,302 Social Services officers in Connecticut. Although Scorzelli testified that her past job, as described by the Plaintiff, related most closely to that of a "welfare investigator," as defined by the DOT, he noted that the skills from her past job would "transfer" to a "child support officer" or "Social Services officer" job, both of which are sedentary.

Evidence from a vocational expert may be derived from the Dictionary of Occupation Titles and also from other reliable publications. *See* 20 C.F.R. §§ 404.1566(d)-(e); 416.966(d)-

(e); SSR 00-4p.  An ALJ may rely on vocational expert testimony where the expert identified the sources consulted to determine the incidence factors.  *Galiotti v. Astrue*, 266 F. App'x 66, 68 (2d Cir. 2008).  Courts frequently uphold ALJ decisions made in reliance on vocational expert testimony.  *See Harper v. Berryhill*, 2017 WL 3085806, at *15-16 (D. Conn. July 20, 2017).

Here, the ALJ reasonably relied upon Scorzelli's testimony and Scorzelli's testimony provides substantial evidence to support the ALJ's decision.

For all of the foregoing reasons, the plaintiff's motion to reverse is DENIED. The defendant's motion to affirm is GRANTED.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of January 2019.

_____/s/_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE